UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**DECISION AND ORDER**
12-CR-174S

v.

MOHAMMED ALBANNAA,

Defendant.

## I.    INTRODUCTION

Pending before the Court is a motion (Dkt. No. 81) by defendant

Mohammed Albannaa for reconsideration of release on reasonable bail

conditions.  Defendant has been in custody since he waived, without prejudice,

his right to a detention hearing on May 16, 2012; when defendant later invoked

his right to a detention hearing, the Court ordered defendant detained.  (*See

generally* Dkt. No. 24, *also available at* 2012 WL 2602665.)  In support of

reconsideration, defendant argues that he has obtained conditional resident

status for one year, which gives him lawful status in this country and thus

represents a change in circumstances from the Court's prior order.  Defendant

argues further that a suitable residence will be possible and that he should not

remain in custody while suppression hearings for his co-defendants' motions run

their course.  The Government opposes reconsideration, emphasizing that

defendant let his conditional resident status expire years ago, when he had a duty

to maintain it, and that the current extension of that status may be short-lived.

The United States Probation Office ("USPO") recommends continued detention

based on defendant's lack of ties to the United States and this District in

particular.

The Court held a bail review hearing on September 19, 2013. For the

reasons below, the Court grants the motion conditionally and sets minimum

conditions to be supplemented by recommendations from the USPO.

## II.   BACKGROUND

For the sake of brevity, the Court will not repeat the background

information that it provided in its prior order. Briefly, this case concerns

allegations that defendant and others conspired to sell controlled substance

analogues, known colloquially as "synthetic marijuana" and various trade names,

from the Speedy Market at 1799 Genesee Street in Buffalo, New York. Since the

Court's prior order, defendant arranged to restore his conditional resident status

for an additional year and revived his application for a more permanent status.

(Dkt. No. 82-1.) As for other events in the case, co-defendant Adel Abdullah

faced a bond revocation hearing in September 2012 after an encounter with local

law enforcement but remained released on modified conditions. (*See* Minute

Entry Sept. 4, 2012.) All defendants filed various pretrial motions, though

defendant Albannaa lacks standing to join his co-defendants in certain motions

that they made to suppress statements and other evidence. The pretrial motions

remain pending; the Court has scheduled suppression hearings for October 7, 2013.

The change in his status and the anticipated time needed to resolve the suppression motions prompted defendant to file the pending motion for reconsideration on September 13, 2013. Defendant advances two arguments for reconsideration. As noted above, defendant has taken the steps necessary to renew his conditional resident status for another year, which in turn will allow him to resume his pursuit of a more permanent resident status. Defendant cites his ongoing immigration proceedings as proof that he wants to remain in this country and has no intention of fleeing. Additionally, defendant notes that he is the only one of the three defendants in this case who is in pretrial custody. The co-defendants are the ones who stand to benefit from the upcoming suppression hearings; given the somewhat limited role in the alleged drug conspiracy attributed to him, defendant argues that there is no reason to extend his pretrial custody indefinitely while his co-defendants proceed through hearings, transcript orders, post-hearing briefing, an eventual Report and Recommendation, and possible objections to Chief Judge Skretny.

The Government discounts defendant's arguments for reconsideration by noting that defendant has not explained adequately why he let his conditional resident status lapse for five years. Defendant's conditional resident status previously expired as of January 22, 2007; according to the Government,

3

defendant's unwillingness to uphold his duty to maintain that status indicates an unwillingness to follow federal law. In fact, the Government argues that defendant obtained a temporary renewal of his conditional resident status only because it suited his self-interest in setting up the pending motion. Given defendant's history of immigration proceedings and the temporary nature of his renewed conditional resident status, and given defendant's lack of ties to the area, the Government concludes that defendant remains a flight risk. The Government also highlights the presumption of danger in favor of detention precipitated by the nature of the charges against defendant.

## III.    DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing non-appearance or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to non-appearance, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Once the Court has issued a detention order in the manner set forth above, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly

changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, defendant's conditional resident status changes the detention analysis in several ways. That defendant has a recognized status when he had none before diminishes the risk of non-appearance; non-appearance likely would cripple his ongoing attempt to obtain a more permanent status. Apart from the status in itself, defendant's effort to obtain a permanent status signals a commitment to proper legal[1] procedures that mitigates the risk of non-appearance. *Cf. U.S. v. Castro-Inunza*, No. 3:11–CR–00418–MA, 2012 WL 1697401, at *4 (D. Or. May 14, 2012) ("[T]he Government's position on flight is undermined by Defendant's demonstrated desire to remain in this country. He

---

[1] For the limited purpose of assessing the risk of non-appearance, even illegal conduct to gain entry into the country can suggest an intent to stay and to make necessary appearances. *Cf. U.S. v. Ali*, Crim. No. 11–0106, 2013 WL 4747011, at *16 n.12 (D.D.C. Sept. 5, 2013) ("Ali's past misrepresentations to the U.S. Immigration and Naturalization Service in 1988 and 1995 do not provide support to the statutory presumption that he is a flight risk. A defendant's willingness to obtain and utilize fabricated documents to *get into* or *stay in* the United States is minimally probative of his willingness to obtain and utilize fabricated documents to *get out* of the United States.") (citations omitted).

sought and achieved permanent resident status, has been persistent in pursuing legal proceedings to overturn the felony conviction that resulted in revocation of permanent resident status, and—to the Government's understandable frustration—apparently keeps coming back to this country despite the Government's efforts to keep him out."), *rev'd*, 2012 WL 1952652 (D. Or. May 30, 2012), *rev'd and remanded*, No. 12–30205, 2012 WL 6622075 (9th Cir. Jul. 23, 2012). The Government is not unreasonable in pointing out that defendant let his conditional resident status expire. If that expiration represented a serious immigration or criminal problem, however, then one federal agency or another would have acted against defendant in some way other than restoring the status and giving him a chance at a more permanent status. Meanwhile, substantive proceedings in the past year appear not to have strengthened or weakened the Government's case, leaving a statutory presumption in favor of detention rebutted by a lack of a prior criminal history and indications from the pre-indictment complaint that limited defendant's role to one direct sale and to working the counter where he was employed. As a result, defendant's immigration status and proceedings no longer weigh in favor of detention as they did previously.

Despite its willingness to allow defendant a chance at release, the Court acknowledges that "the enforcement of all constitutional restraints upon government in its efforts to administer the criminal law entails risks." *U.S. v. Gonzales Claudio*, 806 F.2d 334, 343 (2d Cir. 1986), *superseded in part on other*

*grounds by* Fed. R. Crim P. 5(c).  "That, of course, is true of every defendant released on conditions; it is also not the standard authorized by law for determining whether pretrial detention is appropriate.  Section 3142 speaks of conditions that will 'reasonably' assure appearance, not guarantee it."  *U.S. v. Xulam*, 84 F.3d 441, 444 (D.C. Cir. 1996) (citation omitted).  After reviewing the factors set forth in 18 U.S.C. § 3142(g) and the circumstances of this case, the Court finds that defendant's conditions of release, at a minimum, would have to include the following: 1) release to a residence of someone who has some kind of permanent status in this country, with overall suitability of the residence to be determined by the USPO; 2) electronic monitoring with home detention, with the possibility of a change to a curfew upon a recommendation from the USPO; 3) a $50,000 signature bond with the signature of at least one surety who has some kind of permanent status in this country; 4) surrender of any domestic or foreign passports in defendant's name to the Clerk of the Court; and 5) any other standard or special conditions of release that the USPO may recommend.  If defendant works with the USPO to satisfy the conditions listed above then the Court will set a status conference to finalize the bail paperwork and the conditions of release.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court grants defendant's motion for reconsideration of bail (Dkt. No. 81) conditionally.  The Court will release

8

defendant only when he satisfies the minimum conditions set above and appears for further proceedings to finalize those conditions and any others that the USPO may recommend.

Pursuant to 18 U.S.C. § 3142(h)(2), the Court hereby warns defendant that committing any criminal offense while on pretrial release will lead, in addition to any sentence imposed for any conviction in this case, to an additional sentence of as much as 10 years under 18 U.S.C. § 3147. The Court warns defendant further that a violation of any condition of release may lead to an immediate issuance of a warrant for his arrest. Finally, the Court hereby places defendant on notice of 18 U.S.C. §§ 1503 (relating to intimidation of witnesses, jurors, and officers of the court), 1510 (relating to obstruction of criminal investigations), 1512 (tampering with a witness, victim, or an informant), and 1513 (retaliating against a witness, victim, or an informant).

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order shall be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

___/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: September 23, 2013